Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EUGENIA MARTÍNEZ MELÉNDEZ<br><br>Recurrida<br><br>v.<br><br>INSTITUTO MÉDICO DEL NORTE, INC. h/n/c HOSPITAL WILMA VÁZQUEZ Y OTROS<br><br>Peticionario | KLCE202400615 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV04156 (501)<br><br>Sobre: Despido Injustificado |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece ante nos el Instituto Médico del Norte haciendo negocios como Hospital Wilma Vázquez, ("Hospital" o "Peticionario") mediante *Recurso de Certiorari* presentado el 3 de junio de 2024. Nos solicita que revoquemos la *Orden* emitida el 2 de mayo de 2024, notificada al próximo día, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario declaró *Con Lugar* limitadamente la solicitud de orden protectora presentada por el Hospital, ordenando a que se protejan las comunicaciones emitidas entre el Hospital y la testigo de la señora Eugenia Martínez Meléndez ("Sra. Martínez Meléndez" o "Recurrida"). A su vez, declaró *No Ha Lugar* la protección del acuerdo de confidencialidad sobre las comunicaciones, conversaciones, reuniones de la testigo donde no se encontrara presente el representante legal del Hospital.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

Número Identificador

SEN(RES)2024_____

**I.**

El 28 de julio de 2023, la Sra. Martínez Meléndez incoó una *Querella[1]* sobre despido injustificado al amparo de la *Ley sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a, bajo el procedimiento sumario instituido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*, contra el Hospital.[2]  En síntesis, alegó que comenzó a trabajar en el Hospital en agosto de 1986, hasta que fue despedida injustificadamente el 16 de junio de 2023. Sostuvo que su despido fue arbitrario, caprichoso e injustificado, luego de haber laborado de forma excelente durante más de 36 años. Señaló que tenía derecho a una mesada que ascendía a $113,194.80 por sus años de servicio y reclamó, además, el pago de honorarios de abogado.

En respuesta, el 11 de agosto de 2024, el Hospital presentó *Contestación a Querella*,[3] en la que negó prácticamente todas las alegaciones de la querella. Como defensa afirmativa, levantó que el despido estuvo justificado y que la Recurrida no tiene derecho a los remedios solicitados. Sostuvo que el despido se efectuó porque la Sra. Martínez Meléndez presentó información falsa en documentos oficiales, lo que provocó que el Hospital estuviera expuesto a reportajes noticiosos negativos y comentarios adversos en las redes sociales. Señaló que las acciones de la Recurrida alteraron el buen y normal funcionamiento de la empresa.

Posteriormente, el 11 de enero de 2024, la Sra. Martínez Meléndez presentó un escrito intitulado *Escrito al expediente judicial sobre descubrimiento de prueba y en solicitud de transferencia de*

---

[1] Apéndice *certiorari*, págs. 1-5.
[2] Es meritorio destacar que por virtud de la *Orden* emitida el 7 de mayo de 2024, notificada al próximo día, el presente pleito se convirtió en uno ordinario. *Íd*, pág. 131.
[3] *Íd,* págs. 6-9.

*vista pretrial.*[4] En lo pertinente, la Recurrida anunció que la señora Marie Luz Rivera Centeno ("Sra. Rivera Centeno" o "testigo"), fungiría como su testigo y que se le estaría tomando una deposición.

Ante ello, el 14 de marzo de 2024, el Hospital presentó un escrito el cual intituló *Urgente moción uniéndose a representación legal, informativa, en solicitud de término y otros remedios.*[5] Mediante este, señaló que la Sra. Rivera Centeno fue la Directora de Recursos Humanos del Hospital durante el periodo del 14 de noviembre de 2022 al 31 de julio de 2023. Señaló que la Recurrida notificó una declaración previa de la testigo e informó que esta presentaría testimonio en la deposición sobre lo expresado en dicha declaración. Esgrimió que si la testigo vierte testimonio en la deposición sobre la información que anunció en su declaración, su testimonio: 1) violaría el privilegio abogado-cliente que cobija al Hospital; y 2) constituye una clara y patente violación al acuerdo de confidencialidad que la Sra. Rivera Centeno pactó con el Hospital producto de la sensitiva posición que esta ocupó en dicha institución. Por lo cual, solicitó, entre otros remedios, que se dejara en suspenso la deposición a la Sra. Rivera Centeno, hasta que se resuelva la controversia sobre la confidencialidad y el privilegio abogado-cliente.

Mediante *Orden* emitida el 18 de marzo de 2024, notificada al próximo día, el foro primario dejó en suspenso la deposición de la Sra. Rivera Centeno "hasta que se resuelva si su testimonio involucra información confidencial y privilegiada".[6]

Así las cosas, el 12 de abril de 2024, el Hospital presentó *Moción informativa,*[7] la cual acompañó como anejo una *Solicitud de orden protectora*[8] de manera confidencial. En síntesis, solicitó al foro

---

[4] *Íd,* págs. 10-11.
[5] *Íd,* págs. 13-16.
[6] *Íd,* pág. 17.
[7] *Íd,* págs. 22-23.
[8] *Íd,* págs. 24-77.

primario que emitiera una orden protectora para prohibir el uso del testimonio de la Sra. Rivera Centeno, por constituir una violación al privilegio abogado-cliente. Sostuvo, además, que su testimonio violaría el acuerdo de confidencialidad pactado en el contrato de empleo entre la testigo y el Hospital. En la alternativa, solicitó que especificara todos los extremos sobre los cuales la Sra. Rivera Centeno no podía testificar por ser materia privilegiada y confidencial.

En respuesta, el 24 de abril de 2024, la Recurrida presentó *Oposición a "Solicitud de orden protectora"*.[9] Mediante esta, argumentó que la solicitud de orden protectora no cumple con los requisitos establecidos en el ordenamiento para que sea considerada por el foro primario. Explicó que la declaración realizada por la testigo, previo a la toma de la deposición, contiene información que no es de carácter privilegiado. En particular, señaló que no es materia privilegiada las conversaciones, comunicaciones, reuniones que haya tenido la Sra. Rivera Centeno con empleados, gerentes, administradores y/o cualquier otro directivo del Hospital como parte de su investigación de los hechos que culminaron en el despido de la Recurrida. Sostuvo que la Recurrida no es un cliente, de conformidad con la definición instituida en la Regla 503 de Evidencia, 32 LPRA Ap. VI, R. 503. Señaló, además, que impedir el testimonio de la Sra. Rivera Centeno basado en el acuerdo de confidencialidad es contrario al orden público y estas cláusulas no deben ser utilizadas para impedir los testimonios judiciales, ni para encubrir acciones ilegales, como lo es el despido discriminatorio.

El mismo día, la Sra. Martínez Meléndez presentó *Querella Enmendada*, en la que incluyó una causa de acción sobre discrimen por razón de edad.[10]

---

[9] *Íd*, págs. 83-106.
[10] *Íd*, págs. 107-114.

Evaluados los planteamientos presentados por las partes, el 2 de mayo de 2024, notificada al próximo día, el foro *a quo* emitió la *Orden* recurrida.[11] Mediante esta, declaró *Con Lugar* parcialmente la solicitud de orden protectora presentada por el Hospital, en cuanto a las "conversaciones y reuniones habidas entre el cliente (Hospital Vilma Vázquez), su abogado y la representante autorizado (Marie Luz Rivera Centeno)". No obstante, declaró *No Ha Lugar* a la aplicabilidad del acuerdo de confidencialidad sobre el descubrimiento de lo siguiente:

> [...] en cuanto a hacer descubrimiento de prueba que correspondan a eventos, comunicaciones tanto verbales como escritas, correos electrónicos, conversaciones y reuniones y acciones **en las cuales no se encontraba presente el abogado de la querellada** referentes a investigaciones y entrevistas sobre el proceso disciplinario con la querellante, incluyendo pero sin limitarse a: las obligaciones contractuales de la Sra. Rivera Centeno, entrevistas y conversaciones de la Sra. Rivera con los gerentes o empleados sobre las razones que le daban para despedir o amonestar a un empleado. Todo lo relacionado a investigaciones, entrevistas, conversaciones, comunicaciones tanto escritas como verbales realizadas por la Sra. Rivera en el proceso de amonestación o despido , como también los resultados de estas. Las opiniones de la Sra. Rivera en cuanto a sus recomendaciones. De surgir durante este descubrimiento de prueba que el privilegio abogado cliente y el acuerdo de confidencialidad son un subterfugio para encubrir actos ilegales, tales como despidos incriminatorios e injustificados contrarios a las leyes y política pública prevaleciente, no aplicarán. (Énfasis suplido).

Inconforme, el 3 de junio de 2024, el Hospital presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el Honorable TPI al limitar la aplicabilidad del privilegio abogado-cliente a reuniones donde se encuentre el representante legal presente, a pesar de que también tiene que proteger la discusión de las recomendaciones legales durante reuniones entre representantes autorizados con acceso a dicha información privilegiada.

> Erró el Honorable TPI al no darle validez a los acuerdos de confidencialidad suscritos por Rivera y el Hospital los cuales limitan el testimonio que ésta puede brindar durante el descubrimiento de prueba.

El 5 de junio de 2024, esta Curia emitió *Resolución* en la que le concedimos un término de diez (10) días a la parte Recurrida para

---

[11] *Íd*, págs. 124-126.

que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar la determinación recurrida. Oportunamente, el 14 de junio de 2024, la Recurrida compareció mediante *Memorando en oposición a la expedición del auto de certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del

recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Descubrimiento de Prueba

La Regla 23 de Procedimiento Civil regula lo concerniente al alcance del descubrimiento de prueba. 32 LPRA Ap. V, R. 23. El descubrimiento de prueba persigue: 1) precisar los asuntos en

controversia; 2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresa en esta etapa de los procedimientos; 3) facilitar la búsqueda de la verdad; y 4) perpetuar evidencia. Conforme a ello, ha sido reiterado por el Tribunal Supremo de Puerto Rico que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Scotiabank v. ZAF Corp. et al.*, *supra,* pág. 490*; Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Sin embargo, esta liberalidad no debe interpretarse como una absoluta. Existen dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. 32 LPRA Ap. V., R.23.1; *Scotiabank v. ZAF Corp. et al.*, *supra.* El concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Íd.* "Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia." *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 1687 (2001). El criterio de pertinencia incluye todos los asuntos que puedan tener cualquier relación con la materia objeto del pleito, aunque no estén relacionados con las controversias específicas esbozadas en las alegaciones. *ELA v. Casta*, 162 DPR 1, 10 (2004).

En lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia, 32 LPRA Ap. VI; *E.L.A. v. Casta, supra.* En ausencia de un privilegio específico reconocido por dichas reglas probatorias, no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001).

Ahora bien, una parte que pretenda la exclusión de cierta evidencia por ser materia privilegiada deberá presentar una objeción de manera oportuna. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391 (2021), citando a *Ponce Adv. Med. v. Santiago González et al.,* 197 DPR 891, 899 (2017). Ello, debido a que los privilegios paralizan el descubrimiento de ciertos actos, hechos o comunicaciones. "Así, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. **No se concederán privilegios de manera automática** y sólo se reconocerán cuando se invoquen de manera certera y oportuna." *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 407. (Énfasis nuestro).

A esos fines, la Regla 23.3 (a) de Procedimiento Civil, 32 LPRA Ap. V, establece acerca del reclamo de privilegios, lo siguiente:

> (a) *Información retenida.* Cuando una parte retiene información requerida, reclamando que es materia privilegiada o protegida en contemplación de la preparación para el juicio, deberá hacer su reclamo de manera **expresa y fundamentada** especificando la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos o revelados, de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos. (Énfasis nuestro).

Nuestro Tribunal Supremo ha establecido que la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, deberá, tan pronto se solicite la información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar

la información privilegiada, permita a otras partes evaluar su reclamación. *Ponce Advance Med. v. Santiago González, et al.*, *supra,* pág. 900. Véase, además, Regla 23.3 de Procedimiento Civil, *supra.*

Cuando surjan discrepancias entre las partes en torno a la existencia y el alcance del privilegio, "el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante **preponderancia de la prueba,** los elementos del privilegio que invoca". (Énfasis nuestro). *Ponce Adv. Med. v. Santiago González et al.*, *supra,* pág. 900.

### C. *Privilegio Abogado-Cliente*

El privilegio abogado cliente esta codificado en la Regla 503 de Evidencia, *supra,* estableciendo lo siguiente:

> Sujeto a lo dispuesto en esta Regla, el o la cliente –sea o no parte en el pleito o acción– tiene el privilegio de rehusar revelar, y de impedir que otra persona revele, una comunicación confidencial entre ella y su abogada o abogado. El privilegio puede ser invocado no sólo por quien lo posee –que es la persona cliente– sino también por una persona autorizada a invocarlo en beneficio de ésta, o por la abogada o el abogado a quien la comunicación fue hecha si lo invoca a nombre de y para beneficio de la que es cliente.

Este inciso (B) de la precitada Regla, dispone que el cliente tiene el privilegio de rehusar revelar e impedir que otra persona revele una comunicación confidencial entre este y su abogado realizada en el curso de procurar asistencia legal. *Íd.* Véase, además, *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1055 (2017). Conforme al inciso (A)(4) se define la comunicación confidencial de la siguiente manera:

> *Comunicación confidencial:* Aquélla habida entre una abogada o un abogado y su cliente en relación con alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquéllas que sea necesario para llevar a efecto los propósitos de la comunicación.

En lo pertinente, los incisos (A) (2) y (3) establecen las siguientes definiciones:

> *Cliente:* Persona natural o jurídica que, directamente o a través de representante autorizado, consulta a una abogada o a un abogado con el propósito de contratarle o de obtener

servicios legales o consejo en su capacidad profesional. Incluye a la persona incapaz que consulta a una abogada o a un abogado o cuyo tutor, tutora o encargada hace tal gestión con la abogada o el abogado a nombre de la persona incapaz.

*Representante autorizado*: Persona facultada para obtener servicios legales o actuar a base de consejo legal ofrecido, en representación de la que es cliente. Incluye a una persona que, con el propósito de que se brinde representación legal a quien es cliente, hace o recibe una comunicación confidencial mientras actúa dentro del alcance de su empleo con el o la cliente.

"Este privilegio tiene como fin garantizar la confidencialidad de las consultas a un abogado de manera que se promueva una ayuda legal efectiva" *Casasnovas et al. v. UBS Financial et al., supra.* **La parte que alega o reclama el privilegio abogado cliente tiene el peso de probar su existencia.** Por lo cual, le corresponde establecer *prima facie* que concurren todos los elementos para su aplicación. *Íd,* citando a *Pagán et al. v. First Hospital,* 189 DPR 509 (2013). A esos fines, se deberá demostrar: 1) que existe una expectativa de confidencialidad; 2) que ésta es un elemento esencial para mantener la relación entre las partes; 3) que la comunidad promueve o reconoce este tipo de relación, y que el perjuicio ocasionado por la divulgación de la comunicación supera el beneficio de divulgarla. *Íd,* pág. 1056.

### III.

Expuesto el marco jurídico, ponderados los argumentos presentados por ambas partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* faculta a esta Curia, por vía de excepción, a atender cuestionamientos sobre determinaciones del foro primario relacionadas a controversias asuntos de privilegios evidenciarios, al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la parte Peticionaria no ha demostrado que el foro primario se

excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. En vista de que la *Orden* aquí recurrida fue emitida haciendo una interpretación restrictiva de un privilegio no constitucional y en el ejercicio de discreción del foro primario, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*. En consecuencia, devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones